FILED
JAN 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 07-03 (CKK) |
| | : | Magistrate No. 06-488-M-01 |
| v. | : | |
| | : | |
| LONNELL D. DUCKETT, | : | VIOLATION: 18 U.S.C. § 1029(a)(5) |
| | : | (Access Device Fraud); and |
| Defendant. | : | § 2 (Aiding and Abetting) |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant LONNELL D. DUCKETT (hereinafter "DUCKETT"), with the concurrence of his attorney, Lara Quint, Esq., agree and stipulate to the following facts in connection with defendant DUCKETT's plea of guilty to a violation of 18 U.S.C. § 1029(a)(5), access device fraud, and § 2, aiding and abetting.

The events described below all occurred, unless a specific date is set forth, during the time period of on or about November 30, 2005, to on or about November 30, 2006:

1. LaDonna N. Gray (hereinafter "Gray") worked as a customer service representative at a U-Haul office in Washington, D.C. The office was staffed by a supervisor and approximately six customer service representatives, including Gray. The U-Haul office was part of U-Haul International, Inc., an international moving and storage company headquartered in Phoenix, Arizona.

2. As part of their job responsibilities at U-Haul, only three staff; that is, the supervisor, Gray, and another customer service representative, had access to information on the office's computers listing the credit card numbers of the customers who did business with U-Haul.

3. Gray had a friend, defendant DUCKETT, who worked at the snack shop at the United States Department of Transportation in Washington, D.C.

4. In or about early 2006, defendant DUCKETT and Gray discussed using U-Haul customers' credit cards to pay certain expenses. Primarily, DUCKETT and GRAY agreed on a scheme to pay traffic and parking ticket offense fines with those credit cards. As part of the scheme, DUCKETT would ~~solicit~~ *direct to GRAY* individuals who had traffic and parking fines that were owed to the Washington, D.C., Department of Motor Vehicles (hereinafter "DMV"). Gray, for her part, would obtain the credit card numbers from the U-Haul computer system for unrelated and unsuspecting people and would use the card numbers to pay the fines through the DMV on-line payment system for such fines. The scheme would involve the individual who owed fines to DMV paying DUCKETT or Gray half the amount of the respective fine to have that fine paid off. ~~and that DUCKETT and Gray would then share equally the money they received from these individuals~~.

5. One of the individuals that defendant DUCKETT ~~solicited~~ *directed to GRAY* in the scheme was an individual (hereinafter "subject #1") who also worked at the United States Department of Transportation building in Washington, D.C. During a conversation between subject #1 and DUCKETT, subject #1 explained that she had several outstanding DMV tickets. DUCKETT told subject #1 that he had a "DMV connection" that could help her out with her outstanding tickets. DUCKETT explained that, if she paid him cash for half of the amount, the full amount of the tickets would be paid.

6. Subject #1 paid defendant DUCKETT approximately $500 for her traffic and parking tickets and DUCKETT provided a phone number to subject #1 for his "DMV connection" that he identified as "D" or "Donna," who was Gray. Subject #1 contacted Gray at the telephone number provided by DUCKETT. Gray asked for subject #1's vehicle tag number and told her she was checking the DMV system to verify the number of citations that were issued to subject #1.

7. A few days later, subject #1 again contacted Gray at the telephone number given her by defendant DUCKETT and asked for a receipt to prove the DMV fines had been paid. Subject #1 received a facsimile from Gray showing $1,500 of the fines were paid; the fax also displayed Gray's telephone number. Gray paid these fines in the period of on or about April 26, 2006, to on or about May 1, 2006, using the credit card numbers of two different U-Haul customers (complainants #1 and #2).

8. Subject #1 provided defendant DUCKETT's contact information to a fellow co-worker (hereinafter "subject #2") at the United States Department of Transportation who had several outstanding traffic and parking fines. Subjects #1 and #2 met with DUCKETT at which time DUCKETT was paid by subject #2 $300 for $600 owed in tickets by subject #2 to DMV.

9. On or about May 17, 2006, Gray, using credit card numbers for two other U-Haul customers (complainants #3 and #4), paid the traffic and parking fines to DMV for subject #2 in return for defendant DUCKETT receiving the $300 from her.

10. Another employee of the U-Haul business where Gray worked (subject #3) also approached Gray and asked her to pay his tickets for half the price he owed on tickets for vehicle moving violations. Subject #3 gave Gray $300 to pay the $600 dollars he owed in fines to DMV.

11. Defendant DUCKETT also gave Gray approximately $200 to pay off, using customers' credit cards from U-Haul, his Direct TV cable bills, which were approximately $400.

12. As part of the scheme, Gray agreed to pay off, using customers' credit cards from U-Haul, approximately $700 worth of traffic tickets that defendant DUCKETT had accumulated.

13. In total, Gray, aided and abetted by defendant DUCKETT, used approximately nine to ten credit card numbers on file with U-Haul to pay fines and bills for approximately six to seven

different people.

14. The credit card company, Citigroup, for which Gray, aided and abetted by defendant DUCKETT, used the numbers was headquartered outside of Washington, D.C., and was involved in interstate commerce. Furthermore, some of the U-Haul customers whose cards were used lived outside of the District of Columbia.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR # #498610

BY: /s/ Daniel P. Butler

DANIEL P. BUTLER
D.C. Bar # 417718
ASSISTANT U.S. ATTORNEY
555 Fourth Street, N.W., Room 5231
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@USDOJ.Gov

### DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, Lara Quint, I agree and stipulate to this Statement of the Offense.

Date: 1/31/07

Lonnell D. Duckett
Defendant

I have discussed this Statement of Offense with my client, Lonnell D. Duckett. I concur with his decision to stipulate to this Statement of Offense.

Date: 1/31/07

_____
Lara Quint, Esq.
Attorney for Defendant Lonnell D. Duckett