IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | CR. NO. 07-003 (RCL) |
| | : | |
| LONNELL DUCKETT | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Lonnell Duckett, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, Mr. Duckett asks the Court to impose a sentence of probation.

**BACKGROUND**

On January 5, 2007, Mr. Duckett was charged, in a one-count information, with Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(5). On January 30th, Mr. Duckett pled guilty to the only count in the information in accordance with a written plea agreement.

**DISCUSSION**

**I.    THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply

the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, _ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

   Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

   Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

   Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of

the offenses charged.

>Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

>No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

>[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

II.   **UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. DUCKETT SHOULD RECEIVE A SENTENCE OF INCARCERATION OF PROBATION**

   A.   Statutory Provisions

Pursuant to 18 U.S.C. § 1209(A)(5), the maximum term of imprisonment is fifteen years.

B.   Advisory Sentencing Guidelines

I.   *Applicable Guideline Range*

The Probation Office, consulting the 2006 edition of the Guidelines Manual, has concluded that the Total Offense Level in this case is 6 and that Mr. Duckett's criminal history category is I, resulting in an advisory Guideline range of 0-6 months.

Mr. Duckett objects to the calculation of his guidelines, as the loss amount for which he accepted responsibility in his plea was $3,800 rather than $5,462.75. If the figure agreed to in the plea agreement were used, rather than the latter figure, Mr. Duckett's total offense level would be 4 as opposed to 6. While, practically speaking, there is no difference in terms of the applicable sentencing range, Mr. Duckett would prefer the record to reflect a total offense level of 4.

C. Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of

the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

---

### *I. Nature of the Offense*

The offense to which Mr. Duckett pled guilty is a serious one. It resulted in the loss of more than $5,000 and caused inconvenience and hardship to several individuals. While the scheme Mr. Duckett participated in was concocted, and led, by his co-defendant, Mr. Duckett knew the objective was unlawful and nevertheless became an aider and abettor. Mr. Duckett realizes, and regrets, that his actions had serious implications for several individuals.

### *II. Characteristics of the Defendant*

As set forth in the Presentence Investigation Report ("PSR"), Mr. Duckett has no prior convictions. While, as the government notes in its Sentencing Memorandum, Mr. Duckett has been arrested previously, none of those arrests involved theft or fraud. In fact, in the last thirteen years, the most serious offense involved possession of a controlled substance. As indicated in the PSR, Mr. Duckett successfully completed a diversionary program in relation to that case and has tested negative for all controlled substances during his pretrial release in the instant case.

Mr. Duckett has suffered a series of medical ailments that, taken together, have both hampered his ability to work and dampened his spirit. As indicated in the PSR, Mr. Duckett has severe sleep apnea, has developed a mass on his groin, suffers from anemia, and is morbidly obese. While he is frequently in the hospital and receiving medical treatment outside the home, he otherwise finds it difficult to be mobile or live an active life. His current condition is

unfortunate in light of the fact that he *has* developed specific interests and talents in life. In particular, he is passionate about cooking and, at various points, has sought to increase his knowledge and hone his skills. As indicated by his supervisor at Job Corps, Mr. Duckett can be hard-working and reliable.

Mr. Duckett made a mistake, and exercised extremely poor judgment, in engaging in the scheme at issue in this case. Not only did his actions hurt innocent people, but he himself did not make any significant profit. While the only personal benefit Mr. Duckett received was approximately $900, he understands this he assisted in causing greater harm and wants to get this case behind him. Mr. Duckett accepted responsibility early in this case and never filed any pre-trial motions or requested that a date be set for a trial or motions hearings.

### III. Needs of the Community and Public

For the reasons stated in Section II, a sentence of probation would sufficiently punish Mr. Duckett while taking into account the limited purpose that any period of incarceration could serve. Mr. Duckett has never served any sentence and, as indicated by his compliance with Pretrial Services, is a perfect candidate for supervision. The instant case has been a wake-up call to Mr. Duckett and, given his characteristics and history, no prison time is necessary for rehabilitative or deterrent purposes.

## CONCLUSION

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Duckett asks the Court to sentence him to a period of probation. Such a sentence

would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

A sentence of probation is consistent with the nature of the offense, the characteristics of the defendant, and the needs of the community and public.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ex.126